[No. 854.  Decided June 16, 1893.]

SAMUEL WOLFF, *Respondent*, v. M. J. MADDEN, JOSHUA
GREEN *et al.*, *Appellants*.

PARTNERSHIP—LIABILITY OF INCOMING PARTNER.

An incoming partner, in the absence of some agreement assum-
ing past indebtedness, becomes liable only for the future, and not
for the preëxisting, debts of the partnership.

*Appeal from Superior Court, Pierce County.*

*Strudwick & Peters*, for appellant Joshua Green.

The opinion of the court was delivered by

DUNBAR, C. J.—It is not necessary for us to notice ap-
pellant's objections to respondent's contention that the
relation assumed by appellant towards the Midland Lumber
Company was that of an incoming partner, for assuming,
for the purposes of this decision, that the jury correctly
found upon that proposition, we are unable to find anything
in the record which would bind him as an incoming partner
to pay debts of the partnership which were contracted prior
to his connection with the partnership.   It would be a
useless task for this court to discuss the question of lia-
bility by "holding out," when the undisputed testimony
as well as the conceded fact is that, at the time the order
was given the Midland Lumber Company, and accepted by
it, appellant had no connection whatever with said com-
pany, and there is no proof whatever tending to show, and
none offered for the purpose of showing, that the credit
given was given on the strength of appellant's relation to
the company, for the order was given on the company on
the 4th day of December, and the appellant had no relation
with the company until the 26th day of January following.
And none of the witnesses who testified in relation to con-

versations had with appellant concerning his connection with the company fixed the time for such conversation prior to that time. Considered, then, as an incoming partner, is he responsible for preëxisting debts of the company? It is a universally conceded doctrine that when a new member is admitted to a firm he becomes one of the firm for the future and not for the past. There is not only no presumption that the incoming partner assumes preëxisting debts, but the presumption is that he does not. Without citing authorities, which are uniform on this subject, the rule seems to be briefly and concisely stated by 1 Lindley on Partnerships, p. 208, as follows:

"In order to render an incoming partner liable to the creditors of the old firm there must be some agreement, express or tacit, to that effect entered into between him and the creditors, and founded on some sufficient consideration. If there be any such agreement the incoming partner will be bound by it, but his liabilities in respect of the old debts will attach by virtue of the new agreement and not by reason of his having become a partner."

In this case there is no showing of anything that was said or done by appellant that could reasonably be construed into a promise to become liable for the debt sued upon. The testimony of himself and the creditors proves no more than that appellant, as manager for the company, recognized the company's indebtedness. He could do no less than this, as it was a fact of which he was no doubt cognizant, but this is a different proposition entirely from acknowledging his personal liability, and even if there could be any such construction placed upon his acts or words there is no showing of, or attempt to show, any consideration for the promise. In our judgment the testimony offered by plaintiff was utterly insufficient to sustain the judgment, and defendant's motion for a non-suit should have been granted.

With this view of the case it is not necessary to discuss the errors alleged in the admission of testimony, and in giving and refusing instructions. The judgment is reversed, and the cause remanded to the lower court with instructions to grant defendant's motion for a non-suit as prayed for.

STILES, HOYT, SCOTT and ANDERS, JJ., concur.